UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-80102-CR-Rosenberg/Matthewman

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

JUSTIN R. HARRIS,

    Defendant.

_____/

FILED by _____ D.C.

JUN 2 0 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS [DE 348]

THIS CAUSE is before the Court upon the Defendant, Justin R. Harris' ("Defendant") Motion for Attorneys' Fees and Costs ("Motion") [DE 348]. The Motion was referred to the undersigned by United States District Judge Robin L. Rosenberg. *See* DE 351. The Government filed a response [DE 358], the City of Boynton Beach filed a response [DE 360], and Defendant filed a reply [DE 365]. The Court held a hearing on the matter on May 31, 2018. This matter is ripe for review.

### BACKGROUND

On June 8, 2017, Defendant was charged by way of Indictment with one count of deprivation of rights under color of law, 18 U.S.C. § 242, and two counts of falsification of a record, 18 U.S.C. § 1519, for an incident that occurred on August 8, 2014. *See* DE 1. On June 8, 2017, the Palm Beach County Police Benevolent Association ("PBA") requested in writing that the City of Boynton Beach provide legal representation for Defendant, pursuant to Florida

1

Statute § 111.065. [DE 348, Ex. 1]. The City declined the request on July 5, 2017, stating that it was the City's position that all the requirements of Florida Statute § 111.065 had not been met. [DE 348, Ex. 2]. The PBA then retained Attorney Jonathan Wasserman on behalf of Defendant. [DE 348, p. 2].

On November 9, 2017, the jury returned a verdict of not guilty on all charges in favor of Defendant. *See* DE 161. On March 6, 2018, the PBA requested compensation for reasonable attorney's fees from the City in writing with the attorney times records attached pursuant to Florida Statute § 111.065. [DE 348, Ex. 3]. On March 15, 2018, the City of Boynton Beach declined the request to pay for attorney's fees. [DE 348, Ex. 4]. In response to the City's letter, Defendant filed his Motion [DE 348] on April 16, 2018. In Defendant's Motion [DE 348], he asserts that, pursuant to Florida Statute § 111.065, the Court retains jurisdiction over the matter and he is entitled to attorney's fees and costs.

In the Government's response [DE 358], the Government explains that, while it does not take a substantive position in the matter, it believes that the Motion should be denied for lack of jurisdiction. The Government asserts that a state statute does not automatically confer jurisdiction on a federal court. *Id.* at pp. 1-2. The Government maintains that Defendant does not cite any provision of Article III or any federal statute that could confer jurisdiction over the motion, and, because federal courts only have power that is authorized by Article III or Congressional statutes, there is no basis for jurisdiction. *Id.* at p. 2. Additionally, the Government notes that a defendant being prosecuted by the Government in federal court may only recover legal fees and expenses under the Hyde Amendment. *Id.* Finally, the Government contends that Defendant's dispute with the City is contractual in nature, and is therefore governed by state law. *Id.* at p. 3.

2

In the City of Boynton Beach's response [DE 360, pp. 2-6], it argues that the request for attorney's fees and costs is untimely under Florida Statute § 111.065. The City also contends that Defendant is not entitled to attorney's fees under § 111.065(3). *Id.* at pp. 6-7. At the May 31, 2018 hearing, the City of Boynton Beach also adopted the Government's argument regarding lack of jurisdiction.

In his reply [DE 365], Defendant argues that the court retains jurisdiction over the matter, and he is entitled to attorney's fees. Defendant contends that, because the City declined to provide legal representation for Defendant, Florida Statute § 111.065(4) applies. *Id.* at p. 4. Defendant further asserts that the Court retains ancillary jurisdiction over the matter because the both prongs of the test set forth in *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379–80 (1994), are satisfied here. *Id.* at pp. 3-5. Defendant argues that the attorney's fees and costs issue is wholly dependent on the facts of the underlying criminal case. *Id.* Defendant further asserts that the request for attorney's fees was timely filed. *Id.* at pp. 5-7. Finally, Defendant argues that his actions do not constitute an omission or commission that would fall under Florida Statute § 111.065(3)(c). *Id.* at pp. 7-8.

## ANALYSIS

The first issue the Court must consider is whether it has jurisdiction to grant the relief sought in Defendant's Motion. The Court notes that defense counsel stated during the May 31, 2018 hearing that Defendant is not seeking relief under the Hyde Amendment[1], but solely under Florida Statute § 111.065. Therefore, there is no federal statute or law at issue. The only possible way that this Court could have jurisdiction over Defendant's Motion is if it has ancillary

---

[1] In order to recover fees in federal court a criminal defendant must do so under the Hyde Amendment, Pub.L. No. 105-119, § 617, 111 Stat. 2440, 2519 (1997) (reprinted in 18 U.S.C. § 3006A, historical and statutory notes). *See also United States v. Aisenberg*, 358 F.3d 1327, 1338-39 (2004).

3

jurisdiction.

In *Kokkonen, supra*, which is cited by both Defendant and the Government in their briefs, the parties arrived at a settlement agreement and executed a stipulation and order of dismissal with prejudice, which order did not reference the settlement agreement or reserve district court jurisdiction over the agreement. *Id.* at 375. A dispute arose regarding the settlement agreement, and the respondent filed a motion in the district court to enforce the agreement. *Id.* The Supreme Court explained that, "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute (citation omitted), which is not to be expanded by judicial decree (citation omitted)." *Id.* at 377. The Court reasoned that the doctrine of ancillary jurisdiction has been applied for two purposes: "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent (citation omitted); and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees (citation omitted)." *Id.* at 379–80.

Defense counsel argued at the May 31, 2018 hearing that *Kokkonen* is distinguishable from the case at hand because *Kokkenen* involved a settlement agreement and, thus, was a contract case. However, it is clear to the Court that the black letter law set forth in *Kokkenen* is applicable in this case. Defense counsel also stated at the May 31st hearing that Defendant believes that the Court has ancillary jurisdiction under the first prong of the *Kokkenen* test. This prong requires that the underlying criminal case and the attorney's fees and costs issue be factually interdependent. The Court simply cannot find that the underlying criminal case and the attorney's fees and costs issue are factually interdependent. Rather, the attorney's fees and costs issue is a state court contract dispute that cannot be brought in this federal district court.

The Court notes that Defendant has not cited one case in which a defendant has successfully obtained attorney's fees after filing a motion pursuant to Florida Statute § 111.065 in federal court. The Court's independent research has not found any case which authorizes the relief sought by Defendant in this case. Pursuant to *Kokennen*, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, *Turner v. Bank of North America,* 4 U.S. (4 Dall.) 8, 11, 1 L.Ed. 718 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction, *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 182–183, 56 S.Ct. 780, 782, 80 L.Ed. 1135 (1936)." 511 U.S. at 377.

The only case relied on by Defendant at the May 31st hearing was *United States v. Weissman*, No. S2 94 CR. 760 (CSH), 1997 WL 334966, at *1 (S.D.N.Y. June 16, 1997), *supplemented,* No. S2 94 CR. 760 CSH, 1997 WL 539774 (S.D.N.Y. Aug. 28, 1997). In *Weissman*, an unreported case out of the Southern District of New York, a jury convicted a defendant of three charges. 1997 WL 334966, at *1. The defendant's former employer later informed him that it would no longer advance funds to meet the expense of his future legal expenses or cover the most recently incurred costs of his defense. *Id.* The defendant moved the district court to compel his former employer to pay the costs. *Id.* The former employer argued that the court had no jurisdiction to rule on the defendant's application, which involved an indemnity provision of the former employer's by-laws. *Id.*

The *Weissman* court explained that the exercise of ancillary jurisdiction over the present dispute was necessary

> to permit proper administration of this case, and to assist in reaching a just resolution of the underlying proceeding. The issue presented by this motion concerns the funding of a criminal defendant's litigation expenses in an *ongoing* case before this Court. This would seem precisely the sort of instance in which ancillary jurisdiction is warranted. It is one thing for the court to

5

>   decline jurisdiction over a dispute that is wholly collateral; it is quite another
>   when the resolution of a dispute might impact on the conduct of the matter that
>   gives rise to the court's original jurisdiction.

*Id.* at *6. The *Weissman* case is clearly distinguishable from the case at hand in that the *Weissman* case involved ongoing proceedings in the federal court, and declining to exercise ancillary jurisdiction in *Weissman* would have deprived the district court from its "ability to control the timing of a criminal case before it." *Id.* at *7. Here, Defendant Harris' underlying criminal case is completely concluded, so the attorney's fees and costs issue has no impact on the just resolution of the case, the Court's control over its docket, or judicial efficiency.

Moreover, the Court has independently researched the issue and was only able to find one Order from the Southern District of Florida court that deals with this issue. On July 27, 2010, the Honorable Ursula Ungaro, United States District Judge, issued an Order on Petition for Attorney Fees. *See* Case No. 09-20772-CR-Ungaro, DE 178. This case dealt with a state correctional officer who was acquitted after a jury trial. Judge Ungaro considered the defendant's petition for attorney fees and costs pursuant to Florida Statute § 111.065 and found that "[t]hough the statute provides that, 'the court shall retain jurisdiction of the matter in order to determine entitlement to payment and the amount of reasonable attorney's fees and costs,' the Court is not persuaded that it has jurisdiction to consider Mr. L'Bert's Petition." *Id.* at p. 3. Judge Ungaro further explained that the language of the state statute "does not confer jurisdiction on a federal court over matters that are otherwise outside the jurisdiction conferred by the Constitution and Congress." *Id.* Finally, Judge Ungaro dismissed the defendant's petition without prejudice and permitted the defendant to refile his petition if he could present any authority that showed that the court has jurisdiction over the matter. *Id.* at pp. 3-4. The defendant never filed any additional authority.

Here, like in Judge Ungaro's case, Defendant has not cited any authority directly supporting his position. The Court finds that the Court lacks ancillary jurisdiction to grant the relief sought in Defendant's Motion. Therefore, the Motion should be denied without prejudice to Defendant's ability to pursue any appropriate relief that may be available in state court.

## RECOMMENDATION

Having carefully considered Defendant's Motion, the responses, Defendant's reply, the argument from the May 31, 2018 hearing, and the relevant case law, the Court concludes that this Court has no jurisdiction over Defendant's Motion. Accordingly, it is respectfully **RECOMMENDED** that the District Judge **DENY** Defendant's Motion for Attorneys' Fees and Costs [DE 348] without prejudice to Defendant's ability to pursue any appropriate relief that may be available in Florida state court.

## NOTICE OF RIGHT TO OBJECT

A party shall file written objections, if any, to this Report and Recommendation with United States District Judge Robin L. Rosenberg within fourteen (14) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C). Failure to object to this Report and Recommendation within that time period waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. 11th Cir.R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 20th day of June, 2018.

_____
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

7